IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**CHARLENE CHARINI,**

    Plaintiff,

Hon.
Case No.

v.

**CALVARY PORTFOLIO SERVICES, LLC,**
aka Calvary SPV I, LLC and **GLASS MOUNTAIN CAPITAL, LLC**

    Defendant.

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, **CHARLENE CHIARINI** ("Plaintiff") by and through counsel, The Law Offices of Brian Parker, PC, and brings this action against the above listed Defendant, **CALVARY PORTFOLIO SERVICES, LLC aka CALVARY SPV I, LLV** ("Calvary" or "Defendant Calvary") and Defendant **GLASS MOUNTAIN CAPITAL, LLC** ("GMC" or "Defendant GMC") on the grounds set forth herein:

### I. PRELIMINARY STATEMENT

1.

Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, The Regulation of Michigan Collection Practices Act (RCPA), codified at MCL 445.251 et seq. and The Telephone Consumer Protection Act of 1991 and 47 CFR 16.1200 et seq. (TCPA)

2.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's actions are false, deceptive, or

misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

3.

Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

4.

The TCPA regulates the behavior of businesses who use "automatic telephone dialing systems as defined by 47 § 227(a)(1) and 47 CFR 64.1200(f)(1).

## II. PARTIES

5.

The Plaintiff, CHARLENE CHARINI is a natural person and consumer, a resident of Metamora, County of Lapeer, State of Michigan, and a "consumer" as defined by the FDCPA and RPCA.

6.

The Defendant, Calvary Portfolio Services, LLC aka Calvary SPV I, LLC is a foreign corporation with offices in Valhalla, New York, and is engaged in the business of using the mails and telephone to collect charged off or defaulted consumer debts originally owed to others.

7.

The Defendant, Glass Mountain Capital, LLC is a foreign corporation with offices in

2

Schaumburg, State of Illinois and is engaged in the business of using the mails and telephone to collect charged off or defaulted consumer debts originally owed to others.

## III. JURISDICTION AND VENUE

8.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

9.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

10.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

11.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a (5).

12.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6).

13.

Defendants regularly attempt to collect consumer debts alleged to be due another and are debt collectors as provided in 15 U.S.C. 1692a (6) and 15 U.S.C. 1692a(6)(f)(iii) as the debt was in default when obtained by Calvary and GMC. *Bridge v. Ocwen Federal Bank, FSB*, 681 F. 3d 355 - Court of Appeals, 6th Circuit 2012.

## REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RPCA)

14.

The Regulation of Michigan Collection Practices Act (RPCA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

15.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

16.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed

4

or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

17.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

18.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

19.

"Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

20.

"Person" means an individual, sole proprietorship, partnership, association, or corporation.

21.

It is a violation of the RCPA to communicate with a debtor in a misleading or deceptive manner, such as using the Letterhead of one company, GMC when it is really another company, Calvary, doing the collecting. MCLA 445.252(a)

22.

The RPCA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)).

## V. FACTUAL ALLEGATIONS

23.

On June 17, 2016, Plaintiff started to receive calls from Defendants and/or Defendants'

6

agents and representatives who claimed they were calling from an attorney's office to collect a debt. **Please see Exhibit 1**. The calls came from 810-266-0633 and (256) 310-9366. The numbers don't appear to be assigned to anyone.

24.

Eventually on June 20, 2016, Ms. Charini received a letter from Defendant Calvary and Defendant GMC that stated "Cavalry has acquired the above referenced account and is collecting the amount due through Glass Mountain Capital, LLC." **Please see Exhibit 2**.

25.

Ms. Charini does not owe the debt to Defendants. Pursuant to the Defendants' instructions in their letter, Plaintiff sent a validation and dispute letter to Defendants on June 21, 2016. **Please see Exhibit 3**. Defendant GMC signed for the validation letter on June 24, 2016. **Please see Exhibit 4**.

26.

After the Defendants received Ms. Charini's validation letter, she continued to receive calls from the (810) 266-0633 number of Defendants. **Please see Exhibit 5**. Ms. Charini had not received a response to her validation letter prior to the call.

27.

On July 8, 2016, Plaintiff received another call from Defendants through a person named Tammy Collie. On July 11, 2016, Tammy Collie called Plaintiff again. Ms. Collie was asked why she continued to call when GMC had not responded to Ms. Charini's validation request. Ms. Collie stated they would send everything to Ms. Charini's attorney. **Please see Exhibit 6**.

28.

The calls to Plaintiff continue without any validation of the debt from Defendants.

## VI. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

29.

Plaintiff realleges the above pleadings.

30.

Defendants have violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

    a. Defendants violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt Ms. Charini does not owe as stated above.; and

    b. Defendants collected on the debt and violated 15 U.S.C. 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt with the frequent calls on a debt Ms. Charini does not owe and Defendants won't validate; and

    c. Defendants continues to contact Ms. Charini without validating the debt in violation of 15 U.S.C. 1692g(a)(4) and (5) and 15 U.S.C. 1692g(b) at **Exhibit 3, 4 and 5**; and

    d. In violation of 15 U.S.C. 1692e(2)(A), Defendants falsely misrepresented the character and legal status of the debt by claiming Ms. Charini owes a debt she does not owe. **Please see Exhibit 2**.

**Wherefore**, Plaintiff seeks judgment against Defendant for:

8

a. Statutory and Actual damages for Plaintiff in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

c. Such further relief as the court deems just and proper.

### Count 2-Michigan Collection Practices Act

31.

Defendants are a regulated person and have violated the RPCA. Defendant's violations of the RPCA include, but are not necessarily limited to, the following:

a. Defendants violated MCLA 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, using the letter as mentioned above; and

b. Defendants violated MCLA 445.252(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt at as mentioned above; and

c. Defendants has violated MCLA 445.252(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(i) The legal status of a legal action being taken or threatened.

(ii) The legal rights of the creditor or debtor; and

d. Defendants have violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee such as continuing to contact a represented debtor.

**Wherefore,** Plaintiff seeks judgment against Defendants for:

a. Statutory and Actual damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b. Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RPCA, as well as an injunction, enjoining Defendants from using letters that violate Michigan law; and

c. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2).

**Count 3-Violation of the Telephone Consumer Protection Act**

32.

Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

33.

Defendants do not have any debt or business relationship with Plaintiff and have refused to supply Plaintiff any proof that they own the debt or that Ms. Charini owes the debt to Defendants.

34.

Ms. Charini has asked for validation and instructed Defendants to stop calling her until they validate at **Exhibit 3**. Defendants continue to call Ms. Charini without providing proof she owes a debt to either Defendant.

35.

Defendants continue to call Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A).

36.

10

Defendants' violations are multiple, willful and intentional and continue after the Plaintiff Informed Defendant to stop calling her. **Please see Exhibit 3, 4, 5 and 6**.

37.

Pursuant to the TCPA 47 U.S.C. § 227(b)(3)(B), Ms. Charini is entitled to statutory damages of $500.00 per violation.

38.

Pursuant to TCPA 47 U.S.C. §§ 227(b)(3), Ms. Charini is entitled to statutory damages of $1,500.00 per willful or knowing violation.

39.

Ms. Charini seeks in excess of $10,000 from Defendants, an amount that could increase as the Defendants continue to call Plaintiff in violation of the FDCPA, RCPA and the TCPA.

### VII. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

Respectfully submitted,

**LAW OFFICES OF BRIAN P. PARKER, P.C.**

Dated: July 15, 2016

/s/Brian P. Parker
**BRIAN P. PARKER (P48617)**
Attorney for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI 48075
(248) 642-6268
brianparker@collectionstopper.com

11